UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RODOLFO ANTONIO LOPEZ JR.,

Plaintiff,

v.

VETERANS AFFAIRS, et al.,

Defendants.

CAUSE NO. 3:19-CV-506-RLM-MGG

OPINION AND ORDER

Plaintiff Rodolfo Antonio Lopez Jr. is incarcerated and representing himself. He filed a complaint that in reality is an attempt to appeal the decision of the U.S. Department of Veterans affairs denying him disability benefits.

"A document filed *pro se* is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, because Mr. Lopez is incarcerated, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action "is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Id*.

Mr. Lopez claims that the Defendant denied him disability benefits even though he has been permanently injured while serving in the armed forces. Yet, this Court has no jurisdiction over the appeals from the decisions of the Veterans Benefits

Administration that would have handled his disability claim.[1] "The jurisdictional

scheme [of the Veterans' Judicial Review Act of 1988] precludes district courts from

reviewing challenges to individual benefits decisions such as denials or delays of

benefits. *Lewis v. Norton*, 355 F. App'x 69, 70 (7th Cir. 2009). [2] It is legally frivolous to sue

in the court that lacks subject matter jurisdiction.

For these reasons, the Court DISMISSES this case pursuant to 28 U.S.C. § 1915A.

SO ORDERED on January 9, 2020

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT

---

[1] Mr. Lopez did not submit any documentation showing the denial of his administrative claims.

[2] "The [Veterans' Judicial Review Act of 1988] establishes a framework for the adjudication of veterans' benefits claims. A veteran must first file a claim for benefits at a regional VA office that decides all questions of law and fact as they relate to the claim. 38 U.S.C. § 511(a). Veterans may appeal unfavorable benefits decisions to the Board of Veterans' Appeals, *id*. § 7104(a), then to the Court of Appeals for Veterans Claims, id. § 7252(a), then to the Federal Circuit, id. § 7292(c), and finally to the Supreme Court, *id*. *Lewis v. Norton*, 355 F. App'x 69, 70 (7th Cir. 2009).